UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VENERO MANGANO,

        Movant,

-against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 98-CV-4970 (FB)

*Appearances:*
*For the Movant:*
MURRAY RICHMAN, ESQ.
Law Offices of Murray Richman
2027 Williamsbridge Rd.
Bronx, NY 10461

*For the Respondent:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
By: PETER NORLING, ESQ.
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, New York 11201

**BLOCK, District Judge:**

Venero Mangano ("Mangano") moves, pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"), for reconsideration of his § 2255 motion. For the reasons set forth below, the Court denies the Rule 60(b)(6) motion.

### BACKGROUND

On March 26, 1993, after having been convicted of extortion and conspiracy to commit extortion, Judge Dearie of this Court upwardly departed and sentenced Mangano to 188 months' imprisonment. *See* Letter from Murray Richman, at 1 (Jan. 21, 2005). The Second Circuit affirmed, *see United States v. Gigante*, 39 F.3d 42 (1994), *vacated and superceded in part by* 94 F.3d 53 (2d Cir. 1996), and the United States Supreme Court

denied certiorari. *See Aloi v. United States*, 522 U.S. 868 (1997).

On July 31, 1998, Mangano moved to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming, *inter alia*, that the government failed, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose a statement to an FBI agent in 1991 by Alphonse D'Arco ("D'Arco"), a government witness at a related trial, that Judge Dearie was susceptible to the influence of organized crime. On August 30, 1999, this Court denied the motion; in regard to the *Brady* claim, the Court held that D'Arco's statement did not constitute impeachment material and, even if it did, it would have been cumulative. *See Mangano v. United States*, 98 CV 4970 (E.D.N.Y. Aug. 30, 1999).

On January 21, 2005, Mangano "request[ed] . . . permi[ssion] to bring an application pursuant to [*United States v. Booker*, 125 S. Ct. 738 (2005),] and [*United States v. Fanfan*, 125 S. Ct. 738 (2005)] . . . ." Letter from Murray Richman, at 2 (Jan. 21, 2005). In a second letter brief, Mangano argued that (1) the government's failure to disclose the D'Arco statement violated *Brady*, and (2) the *Brady* violation impeded Mangano's ability to impeach D'Arco's credibility at sentencing. *See* Letter from Murray Richman (Apr. 7, 2005). In yet another letter brief, Mangano asked the Court to recuse itself because the pending motion calls into question "the integrity of the federal *habeas* proceeding." Letter of Murray Richman (May 12, 2005). Lastly, throughout the letter submissions, Mangano, who is now 83 years old, referenced various medical conditions from which he suffers and requested leniency in light of those conditions. *See, e.g.*, Letter from Murray Richman (June 2, 2005) ("While we are not asking for any sympathy on behalf of Mr. Mangano, we do ask, however, that the Court not disregard Mr. Mangano's declining health and declining

2

years.").

## DISCUSSION

### A. Recusal

As an initial matter, Mangano's motion for the Court to recuse itself in this matter is baseless. The Supreme Court has expressly held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion[,]" and that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings ... do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Liteky*, 510 U.S. 540, 555-56 (1994). It cannot be disputed that the Court has not expressed *any* opinion that displays deep-seated favoritism or antagonism – let alone one that would make fair judgment impossible.

### B. *Booker/Fanfan* Claim

Mangano did not raise the *Booker/Fanfan* claim in his § 2255 motion. The Second Circuit has recently reiterated that relief under Rule 60(b) is available in *habeas* proceedings only when the motion "attacks the integrity of the previous *habeas* proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001)). Although framed as a request for reconsideration, Mangano's request is based on new grounds for challenging his conviction; therefore, the Court must treat the request as a second *habeas* petition. *See Gitten v. United States*, 311 F.3d 529, 530 (2d Cir. 2002).

"Before a second or successive application permitted by this section is filed

3

in the district court, the applicant [must] move in the . . . court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(a). Moreover, "[s]econd or successive applications may be heard only if they involve newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law." *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (citing 28 U.S.C. 2244(b)). The Second Circuit has held that *Booker/Fanfan* claims do not fall within either of these exceptions. *See Green v. United States*, 397 F.3d 101 (2d Cir. 2005). Thus, if the Court transferred the petition to the circuit court, the circuit court would undoubtedly deny the motion for a second petition.

The Second Circuit however has cautioned that a district court should not "transfer [a successive petition] to [Second Circuit] until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction." *Harris*, 367 F.3d at 82. Therefore, Mangano is directed to inform this Court, in writing and within thirty (30) days of the date of this Memorandum and Order, whether he wishes the Court to forward his January 21, 2005 letter request to the circuit court. Failure to comply with this directive will result in dismissal of the request.

### C. Claims Involving D'Arco's Statement

Rule 60(b)(6) authorizes a court to set aside judgment only "where there are extraordinary circumstances, or where the judgment may work an extreme and undue

4

hardship[.]"[1] *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) (citation and internal quotations omitted; alteration in original). It is well-established that Rule 60(b)(6) is not a vehicle for simply relitigating the merits of a case. *See Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). In his *Brady* claim, Mangano attempts to reargue a claim that was previously rejected by the Court; Mangano is thus not entitled to relief under Rule 60(b)(6).

In a similar vein, Mangano is not entitled to relief in regard to his claim that the *Brady* violation impeded his ability to impeach D'Arco's credibility. This claim is merely another means of rearguing the *Brady* claim.

## D. Leniency

A motion for reconsideration of a § 2255 motion is not the vehicle for the Court to grant leniency in light of Mangano's deteriorating health. Mangano's concerns are better addressed to the Bureau of Prisons, which pursuant to 18 U.S.C. §

---

[1] Rule 60(b) lists six grounds for relief from a judgment. Mangano's motion raises no issue of mistake, newly discovered evidence, or fraud, which are grounds for relief under subsections (1), (2) and (3), respectively; in any event, a motion under any of those subsections would be untimely. *See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (noting the "absolute" one-year time limit for making a motion basis on those subsections). Rule 60(b)(4) authorizes relief from a void judgment, but a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Wright & Miller, *Federal Practice & Procedure* § 2862 (2005) (footnotes omitted); the Court's order denying Mangano's § 2255 motion raises no jurisdictional or due-process concerns. Finally, Rule 60(b)(5) – which authorizes relief from a judgment that was based on a prior judgment that has been reversed or otherwise vacated – "does not apply merely because a case relied on as precedent by the court in rendering the [] judgment has since been reversed." *Id.* § 2863.

3582(c)(1)(A)(I), may move for a reduction of the term of his imprisonment if "extraordinary and compelling reasons warrant such a reduction."

## CONCLUSION

For the foregoing reasons, Mangano's Rule 60(b)(6) motion is denied. Mangano should inform the Court within thirty (30) days if he wishes the Court to forward his January 21, 2005, letter request to the Second Circuit.

The Court determines that a certificate of appealability will not issue since Mangano has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253; *see generally Kellogg v. Strack*, 269 F.3d 100, 102 (2d Cir. 2001) (holding that certificate of appealability is required to appeal denial of Rule 60(b) motion when underlying judgment is denial of a *habeas* petition).

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
July 8, 2005